Anthony O. Egbase, (SBN 181721)
Cherryl L. Christopher, Esq. (SBN. 92872)
**LAW OFFICES OF ANTHONY O. EGBASE & ASSOCIATES**
The World Trade Center
350 South Figueroa Street, Suite 189
Los Angeles, California 90071
Tel.(213)620-7070;  Fax. (213)-620-1200

Attorneys For Debtor-in-possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA-SAN ANA DIVISON

| | |
|---|---|
| Re:<br><br>**IRVINE BROTHERS, INC. dba W's CHINA BISTRO**<br><br>Debtors | Case No.: 8:10-bk-12014-TA<br><br>Chapter 11<br><br>**DEBTOR-IN-POSSESSION'S FIRST CASE STATUS CONFERENCE REPORT**<br><br><u>Scheduling and Status Conference:</u><br>Date: July 28, 2010<br>Time: 11:00am<br>Crtrm 5B, 5TH Floor<br>411 Fourth Street, Santa Ana, CA 92701 |

TO:    THE HONORABLE THEODOR ALBERT, UNITED STATES BANKRUPTCY **JUDGE, THE UNITED STATES TRUSTEE, AND ALL OTHER INTERESTED PARTIES:**

The above-captioned debtor-in-possession,  IRVINE BROTHERS, INC. dba W's CHINA BISTRO ("Debtor"), by and through its attorneys of record herein, ANTHONY EGBASE, Esq. and CHERYL CHRISTOPHER, Esq. ("Debtor's Counsel") hereby respectfully files its Case Status Report, and sets forth the following facts therein:

    a.    Debtor is a small business debtor Chapter 11 debtor-in–possession.  Debtor does operate a business, which is incorporated, and entitled "W's CHINA BISTRO ".

---

**DEBTOR-IN-POSSESSION'S FIRST STATUS REPORT --**    1

1  Debtor's business is a free-standing, full service, 80-person capacity fine dining Chinese restaurant located within a shopping center in Irvine, California.

The principal assets of the estate are the restaurant lease of approximately 8 more years together with its inventory, machinery, fixtures, and other physical capital assets, and its intangible assets of an alcohol and beverage license, its customer base and its goodwill.

The principal liabilities of this estate are commercial lease arrearages owed to Irvine Company, debtor's landlord, in the approximate prepetition sum of $98,000. Debtor's second most pressing obligation is the repayment of the construction loan to the SBA administered by Wells Fargo. The approximate prepetition arrearages due on this loan for the initial buildout and furnishing of debtor's restaurant total approximately $26,000.00, at a monthly payment amounting to approximately $8,000. Additionally, debtor owes unsecured vendor debt in the approximate amount of $ 116,800.00.

    b.    Debtor submits the following responses to Question No. 2(b):

        1. What precipitated the bankruptcy filing was the inability of debtor to meet its original projections for business revenue when it undertook significant monthly lease obligations and small business loan buildout payments. Debtor has been in business for three years, however, it signed onto these two significant obligations at what now appears to be the height of the recent real estate bubble. Due to the recent downturn in the economy and progressively lower and lower customer turnout, Debtor fell behind on its obligations and was forced to file for relief under Chapter 11 when its landlord served it with a summons and complaint of unlawful detainer for nonpayment of rent in February of this year.

2. Debtor has been taking steps such as introducing a daily happy hour and adding entertainment to the restaurant ambience, in the hopes of generating higher income in the near future. Additionally, Debtor is engaged in negotiating with its landlord for possible sale/transfer of the business with a prospective buyer at the present time.

3. There may be disputes over the exact terms of the lease currently being modified by Debtor and its landlord. There is also likely to be disagreement over the amount of cash collateral Debtor may be permitted to use of creditor Wells Fargo.

4. Debtor recommends modifying the lease so that the prospective buyer will go forward, and the landlord would receive upfront significant sums of money that it otherwise would have to wait years for Debtor to earn and repay in its reorganization plan. Also, the weak economy jeopardizes those very future earnings in Debtor's estimation. Debtor feels it is very close to a workable agreement with landlord's attorneys at this time. The sale of the business would likewise address the SBA claim held by Wells Fargo, in that we would appraise same and attempt to strip down the lien to current market value in order to permit passing of the debtor's business assets to prospective buyer free and clear of the liens.

5. Yes, the debtor has complied with all of its duties under 11 U.S.C. Secs. 521, 1006 and 1107 and all applicable guidelines of the Office of the U.S. Trustee.

6. Yes, the debtor has one party that claims an interest in cash collateral of the debtor. That is Wells Fargo as Lender of Debtor's SBA loan.

7. Yes, the debtor is using cash that this party claims as its cash collateral after bringing its own motion for authority to use said cash collateral in order to operate its business. The debtor obtained an interim order authorizing its use with limitations, and ordering adequate protection payments be made to Wells Fargo in the approximate sum of $2300 per month, on which Debtor is current. Said interim order was entered on June 23, 2010.

8. On June 7, 2010, the Court continued Final hearing on debtor's first order to use cash collateral to August 11, 2010 at 10:00 am. Debtor is still negotiating with Wells Fargo for a stipulation to use cash collateral.

c. The only professionals that were sought to be retained by the estate up to this time were as follows:

Cheryl Christopher, Esq. and Anthony Egbase, Esq., as co-counsel to Debtor, filed the Debtor's Application to Employ Counsel on March 23, 2010, with the Order Approving Debtor's Application to Employ Counsel having been entered on June 8, 2010—all services required to be rendered as legal counsel to Debtor throughout its Chapter 11 reorganization; and

Ben Tunnell, of BTI Appraisers, to serve as Debtor's appraiser for its business assets, both tangible and intangible, in order to effectuate a valuation and potential cramdown of the Wells Fargo SBA lien against the commercial personal property assets used in debtor's restaurant business. Debtor's Application to Employ Ben Tunnell was filed on April 6, 2010. The Order Approving Employment of Ben Tunnell has not yet been entered.

d. Fernando Chong, filed a Chapter 11, Case No. 2:10-bk-34379 on June 15, 2010. On June 17, 2010, a motion requesting change in venue and Joint Administration was filed and is pending before this court.

e. Debtor has signed a purchase agreement with Wells Fargo and is presently preparing a Motion for order authorizing sale of assets free and clear of liens and ofr a hearing on bid order establishing sale and bidding procedures, including break-up fee and overbid protection, approving notice of intended sale, and limiting notice.

f. **Evidence regarding projected income and expenses for the first six months of the case is attached hereto as Exhibit "A".**

Proposed deadlines for filing:

        Claims:                   12/20/10

        Objections to Claims:   3/20/11

g.     Proposed deadlines for filing:

Plan of Reorganization

and Disclosure Statement: 4/20/11

h.     The debtor is party to an unexpired lease with the Irvine Company, which said lease is in active current negotiations for modification and possible assignment to a new owner.

Dated: July 14, 2010                       Law Offices of Anthony O. Egbase & Associates

                                                    Anthony O. Egbase, Esq
                                                    Cheryl L. Christopher
                                                    Attorney For Debtors-in-possession

DEBTOR-IN-POSSESSION'S FIRST STATUS REPORT --           5

7. Yes, the debtor is using cash that this party claims as its cash collateral after bringing its own motion for authority to use said cash collateral in order to operate its business. The debtor obtained an interim order authorizing its use with limitations, and ordering adequate protection payments be made to Wells Fargo in the approximate sum of $2300 per month, on which Debtor is current. Said interim order was entered on June 23, 2010.

8. On June 7, 2010, the Court continued Final hearing on debtor's first order to use cash collateral to August 11, 2010 at 10:00 am. Debtor is still negotiating with Wells Fargo for a stipulation to use cash collateral.

c. The only professionals that were sought to be retained by the estate up to this time were as follows:

Cheryl Christopher, Esq. and Anthony Egbase, Esq., as co-counsel to Debtor, filed the Debtor's Application to Employ Counsel on March 23, 2010, with the Order Approving Debtor's Application to Employ Counsel having been entered on June 8, 2010—all services required to be rendered as legal counsel to Debtor throughout its Chapter 11 reorganization; and

Ben Tunnell, of BTI Appraisers, to serve as Debtor's appraiser for its business assets, both tangible and intangible, in order to effectuate a valuation and potential cramdown of the Wells Fargo SBA lien against the commercial personal property assets used in debtor's restaurant business. Debtor's Application to Employ Ben Tunnell was filed on April 6, 2010. The Order Approving Employment of Ben Tunnell has not yet been entered.

The debtor will file a motion to determine the secured status of Wells Fargo Bank upon the Court approval of BTI Appraisal as professional to conduct the business appraisal.

---

**DEBTOR-IN-POSSESSION'S FIRST STATUS REPORT --**    4

d. Fernando Chong, filed a Chapter 11, Case No. 2:10-bk-34379 on June 15, 2010. On June 17, 2010, a motion requesting change in venue and Joint Administration was filed and is pending before this court.

e. Debtor has signed a purchase agreement with Wells Fargo/SBA Loan and is presently preparing a Motion for order authorizing sale of assets free and clear of liens and for a hearing on bid order establishing sale and bidding procedures, including break-up fee and overbid protection, approving notice of intended sale, and limiting notice.

f. **Evidence regarding projected income and expenses for the first six months of the case is attached hereto as Exhibit "A".**

Proposed deadlines for filing:

    Claims:                  12/20/10

    Objections to Claims:    3/20/11

g.    Proposed deadlines for filing:

Plan of Reorganization

and Disclosure Statement: 4/20/11

h.    The debtor is party to an unexpired lease with the Irvine Company, which said lease is in active current negotiations for modification and possible assignment to a new owner.

Dated: July 14, 2010                      Law Offices of Anthony O. Egbase & Associates

                                                       /s/ Anthony O. Egbase

                                                       Anthony O. Egbase, Esq
                                                       Cheryl L. Christopher
                                                       Attorney For Debtors-in-possession

| In re: | | CHAPTER: 11 |
|---|---|---|
| Irvine Brothers, Inc. dba Ws China Bistro | Debtor(s). | CASE NUMBER: 8:10-bk-12014-TA |

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**World Trade Center, 350 S. Figueroa Street, Suite 189, Los Angeles, CA 90071**

A true and correct copy of the foregoing document described as __Debtor-in-possession first case status conference report__ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On __7/14/2010__ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

- Anthony Egbase info@anthonyegbaselaw.com
- Dennis F Fabozzi dsanchez@dfflaw.com
- Nancy S Goldenberg nancy.goldenberg@usdoj.gov
- United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On __7/14/2010__ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Ernie Zachary Park, 13215 E Penn St #510, Whittier, CA 90602

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 14, 2010 | **Joanne Sanchez** | |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com

F 9013-3.1
Best Case Bankruptcy

Irvine Brothers, Inc. dba Ws China Bistro
17585 Harvard Ave, Suite A
Irvine, CA 92614


Anthony O Egbase, Esq.
Law Office of Anthony O. Egbase & Associates
The World Trade Center
350 S. Figueroa Street, Suite 189
Los Angeles, CA 90


Cheryl L. Christopher
9107 Wilshire Blvd, Suite 500
Beverly Hills, CA 90210


E.D.D
Bankruptcy Group MIC
P.O. Box 826880
Sacramento, CA 94280


Fernando Chong
1729 10th Street
Manhattan Beach, CA 90266


Fernando Chong


Harbor Distributing
Los Angeles, CA 90084


Ingardin Brothers
700 Harthaway street
Santa Ana, CA 92705

Irvine Company
100 Innovation Drive
Irvine, CA 92617


Irvine Company
100 Innovation Drive
Irvine, CA 92617


Law Offices of Dennis F. Fabozzi
41955 Fourth Street, Suite 300
Temecula, CA 92590


Marcelino Chong
308 Avenue D
Redondo Beach, CA 90277


Marcelino Chong


Office of the U.S. Trustee
Nancy Goldenburg, Attorney
Terry Biers, Analyst
411 W. Fourth St, Suite 9041
Santa Ana, CA 92701


Regal Wine
P. O. Box 60000
San Francisco, CA 94160


Roberto Chong
2417 Huntington lane
Redondo Beach, CA 90278

Santa Monica Seafood
18561 Broadway
Compton, CA 90220


Southern Wine
Los Angeles, CA 90074


sysco
20901 E Currier Road
Walnut, CA 91789


The Paper Co
2815 Walnut Ave
Irvine, CA 92606


Toyota Financial Services
P.O. Box 60114
City of Industry, CA 91716


U. S Foods
Los Angeles, CA 90074


Wells Financial National Bank
1620 E Roseville Parkway #100
Roseville, CA 95661


Ye Yuin Linen
2575 S Normandie Ave
Los Angeles, CA 90007

```
Youngs Market
P. O. Box 37145
Los Angeles, CA 90030
```